Argued April 15, remanded for further proceedings consistent with
this opinion May 6, reconsideration denied June 6, petition for
review denied June 18, 1974

BAYER, *Appellant, v.* GOLDSCHMIDT ET AL
(No. 388986), *Respondents.*

521 P2d 1084

*M. E. Walter,* Portland, argued the cause for appellant. With him on the brief was James T. Duncan, Portland.

*Thomas R. Williams,* Deputy City Attorney, Portland, argued the cause for respondents. On the brief was Ellis E. Gerdes, Senior Deputy City Attorney, Portland.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

LANGTRY, P. J.

Plaintiff was injured in October 1969 while in the performance of his duties as a patrolman for the City of Portland Police Department, and received disability benefits thereafter from the Portland Fire and Police Disability and Retirement Fund. (Charter, City of Portland, Oregon, ch 5.) Defendants are members of the Board of Trustees of the Fund. Plaintiff brought this writ of review proceeding to challenge an order of the Board which terminated his disability benefits as of January 11, 1973.

When this proceeding started, the writ of review statutes, ORS 34.010–34.100, provided that the writ would be allowed only where the inferior tribunal acted erroneously, arbitrarily or in excess of its jurisdiction. ORS 34.040. No claim is made that the Board acted erroneously, i.e., made procedural errors, or exceeded its jurisdiction. *See Baker v. Steele et al,* 229 Or 498,

501, 366 P2d 726 (1961) ; *Bechtold et al. v. Wilson et al.*, 182 Or 360, 186 P2d 525, 187 P2d 675 (1947). Thus, the sole question is whether the Board's action was arbitrary. The 1973 legislature expanded the scope of judicial review under writ of review proceedings. (Oregon Laws 1973, ch 561, § 1.) This case arose before the new law became effective and different questions that might be raised under such new law are not presented here.

Chronologically, the sequence of events leading to this appeal were as follows.

Plaintiff was examined by Dr. Langston on June 14, 1972, pursuant to the Board's annual review of disability cases. Inter alia, Dr. Langston's report stated:

> "Mr. Bayer appears to have had a ruptured disc at C6-C7 level and subsequently a laminectomy * * *.
>
> "This man could easily perform many of the duties required in police work but the original statement still holds, that if he were required to engage in violent physical activity he would be more susceptible to injury than if he had not had the laminectomy and the ruptured cervical disc.
>
> "It appears to this examiner that if a clarification as to criteria of acceptance following injury and disability of policemen and firemen were made the confusion that exists in this case would not be."

After the receipt of Dr. Langston's report the Board discussed the medical report and took action terminating plaintiff's benefits because it decided he could return to active duty.

In response to the Board's action terminating his service-connected disability benefits, plaintiff made a written request that the Board review its action. Pur-

suant to charter § 5-107 (*see Evans v. Schrunk*, 4 Or App 437, 440-42, 479 P2d 1008 (1971) for text of applicable charter provisions) a three-doctor panel was convened to examine plaintiff.[1] Dr. Langston and the treating physician, Dr. Parsons, named the third member of the panel, Dr. Rankin. Dr. Rankin examined plaintiff on December 18, 1972. His report, concurred in by Drs. Langston and Parsons, was received by the Board on January 9, 1973. In material part it stated:

> "The patient does have some disability following his injury, but is quite capable of being gainfully employed in many activities. Insofar as being capable of resuming all of the duties required of a policeman, there is a definite probability that, were he involved in physical struggle with another individual, his current residuals could be definitely aggravated. Other than the above, there are no contraindications to his rejoining the Police Force on an active basis."

In response to this report, the Board again acted to terminate disability payments. Before taking the action there was discussion of the possibility of plaintiff's being returned to limited duty, but it was not clear whether such duty would be available for him.

---

[1] In § 5-107 it is provided:

"'* * * [T]he Board shall review any of its determinations based upon the findings of its physicians or psychiatrists upon the written request of any applicant; in such cases, it shall refer any matter concerning a question of physical or mental condition to three physicians or psychiatrists, one of whom shall be selected by members of the Board, one of whom shall be selected by the applicant, and the third shall be selected by the other two selectees; the Board may re-refer the matter to the physicians or psychiatrists for clarification and may obtain the reports of medical specialists for the information of the panel of three physicians or psychiatrists. The Board of Trustees shall base its findings upon review on the findings of the majority of said panel of physicians * * *.'" Evans v. Schrunk, 4 Or App 437, 440-41, 479 P2d 1008 (1971).

Plaintiff then filed this writ of review proceeding.

The court below after reviewing the record ordered:

"IT IS NOW, THEREFORE, ORDERED that the action of the named defendants acting as the Board of Trustees of the Fire & Police Disability & Reitrement [sic] Fund in terminating service-connected disability benefits of the plaintiff herein shall be affirmed subject to the following limitation: That the plaintiff is not physically fit to return to full police duty whereby he would be exposed to violent physical contact, but is physically fit to return on a limited duty basis * * *

"* * * * *"

In determining whether the Board's action was arbitrary, the standard applied is whether there is any evidence to support the Board's conclusion. *Evans v. Schrunk,* supra.

The most pertinent parts of §§ 5-107 and 5-115 of the charter besides that quoted in n 1 provide:

"* * * If the Board determines from its review of the findings of a majority of said panel of physicians or psychiatrists that such member is no longer entitled to draw benefits or pension for disability as a result of change in his physical or mental condition, the Board shall forthwith cease the payments of such pension or benefits * * *." § 5-107.

"In the event of recovery of any member from service-connected disability or occupational disability prior to retirement, as attested by the member's attending physician, and the concurring approval of the Board's physician, the chief in charge of the respective bureau shall authorize return to work of such member, subject to the subsequent certification by the Board, which shall be retroactive to the time the member returns to work * * *." § 5-115.

The charter contains no definition of disability other than an implied definition in the first sentence in § 5-115: A disabled member is one who is "unable to perform his required duties * * *."

The factual dispute in this case is whether the report of Dr. Rankin supports the conclusion that plaintiff is able to perform his required duties. It says:

"* * * [T]here is a definite probability that, were he involved in physical struggle with another individual, his current residuals could be definitely aggravated * * *."

The medical report is couched in terms of definite probabilities. From the report itself it appears that it is Dr. Rankin's medical opinion that plaintiff should not engage in "physical struggle with another individual * * *." This conclusion is based on the language of the above-quoted sentence as well as the sentence that follows immediately afterwards. "* * * *Other than the above* there are no contraindications to his rejoining the Police Force on an active basis." (Emphasis supplied.) This can be interpreted as indicating that it is Dr. Rankin's opinion that plaintiff's bad back is a contraindication to his rejoining the force on a full-duty basis. A letter in the record from Dr. Parsons to Dr. Abele (a Board physician) supports this conclusion as well. Inasmuch as the Board is bound by the determination of the panel of doctors in its findings as to the physical condition of the applicant, it can be strongly argued that the Board's determination that plaintiff is capable of full duty as a policeman is arbitrary because there is no evidence to support it. *Mundt v. Peterson et al*, 211 Or 293, 315 P2d 589 (1957); *Evans v. Schrunk*, supra.

If, however, the report of Dr. Rankin, by reasonable interpretation, supports a conclusion that plaintiff is physically capable of engaging in physical struggle with another individual, albeit with some greater than normal risk of injury, then the Board's action is not arbitrary under the standard employed in *Evans v. Schrunk,* supra.

The problem here is that the medical report is sufficiently ambiguous as to be possibly open to two opposite interpretations. In *Evans v. Schrunk,* supra, the medical panel split 2-1; the board followed the majority and we affirmed. Here we, and the Board, have no real basis to determine exactly what the panel found. It is possible to read and interpret the language used in different ways. It would seem inappropriate to affirm the Board's decision as nonarbitrary on the basis that its conclusion as to what the report meant was reasonable when there is a real possibility that the doctors found to the contrary, especially since the Board is bound to follow the doctor's report as to physical condition. Section 5-107, supra, n 1, and *Mundt v. Peterson et al,* supra.

■ Under charter § 5-107 the Board is empowered to "re-refer the matter to the physicians * * * for clarification * * *." This case presents a good example of where such re-referral would be appropriate. We have the authority under ORS 34.100 to "by mandate direct the inferior court, officer, or tribunal to proceed in the matter reviewed according to its [our] decision * * *." For reasons stated we hold that the case is remanded for the trial court to order the Board to re-refer the matter to the physicians to clarify their report.

■ With reference to the trial court's finding that the return to active duty is affirmed subject to the

limitation that it shall be limited duty, we simply do not find in the record concrete evidence upon which to find that such limited duty exists. As a matter of fact, there is no evidence as to what plaintiff's required duties are. Our present scope of review is for "arbitrariness." Under the 1973 revision of the statute we review for "probative and substantial evidence * * *." Under either standard the absence of evidence as to "required duties" makes any finding of fitness to perform limited or full duty virtually incapable of being reviewed by the courts. Cf. *Sun Ray Dairy v. OLCC,* 16 Or App 63, 517 P2d 289 (1973).

Remanded for further proceedings consistent herewith.

FOLEY, J., dissenting.

In this case the purpose of the writ of review, as mentioned by the majority, is to determine whether the action of the inferior tribunal (the Board of Trustees of the Portland Fire and Police Disability and Retirement Fund) which terminated plaintiff's disability payment was arbitrary. ORS 34.040.

The doctors' report said:

"The patient does have some disability following his injury, but is quite capable of being gainfully employed in many activities. Insofar as being capable of resuming all of the duties required of a policeman, there is a definite probability that, were he involved in physical struggle with another individual, his current residuals could be definitely aggravated. Other than the above, there are no contraindications to his rejoining the Police Force on an active basis."

The only definition of disability in the charter is found in § 5-115 where it mentions a disabled member as one who is "unable to perform his required duties."

The Board, in effect, determined that the claimant was able to "perform his required duties" and terminated his disability payments.

I find nothing arbitrary about the Board's determination. There was no evidence that "his required duties" would necessarily involve "physical struggle with another individual." The medical report said, in substance, that this was the only indication against "rejoining the Police Force on an active basis."[1]

The trial court's order affirmed the termination by the Board of "service-connected disability benefits of the plaintiff," and additionally attempted to place plaintiff in a limited duty status. The writ of review in this case was confined to a determination of whether or not the Board's order was arbitrary, so the "limitation" in the trial court's order was, in my view, beyond the scope of its review.

I would affirm the trial court's order, but delete therefrom the limitation which purports to place plaintiff in a limited duty status.

---

[1] If plaintiff returns to active duty and is assigned duties which he cannot perform, I can see no reason why he could not then apply for disability benefits as "being unable to perform his required duties."